# MARC WHITEHEAD & ASSOCIATES, L.L.P.
## ATTORNEYS AT LAW

Marc Whitehead
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

The Lyric Centre
440 Louisiana
Suite 675
Houston, Texas 77002
www.marcwhitehead.com

(713) 228-8888
Fax (713) 225-0940
marcwhiteh@aol.com

November 17, 2006

Mr. Michael Milby
Clerk of Court
U.S. Courthouse & Federal Building
515 Rusk Street
Houston, Texas 77002

Re:    Delma Tullios  v. BP Corporation

Dear Mr. Milby:

Enclosed, please find for filing the following documents in connection with the above-referenced matter:

1.    Original Complaint and Summons

Please acknowledge your receipt of same by placing the date and time of filing on the enclosed copy of this transmittal letter to the undersigned in the postage paid envelope provided.

Sincerely,

Marc Whitehead
Attorney At Law

cc:    Life Insurance Company of North America
       c/o CT Corporation
       350 N St Paul Street
       Dallas, TX 75201

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record on this matter on this the _____ day of _____, 2006.

Marc Whitehead

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DELMA C. TULLOS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| BP CORPORATION WELFARE PLAN | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      Delma Tullos brings this ERISA action against the BP Corporation Welfare Plan to secure short term and long term disability benefits to which she is entitled under a disability benefits policy underwritten by Life Insurance Company of America and administered by CIGNA Group Insurance ("CIGNA"). Delma Tullos is covered under the policy by virtue of her employment with BP Corporation.

2.      Delma Tullos suffers from anxiety disorder, panic disorder, post traumatic stress disorder, agoraphobia, and major depression. Plaintiff's various mental disorders have resulted in a multitude of symptoms, including but not limited to extreme fear of leaving her home, crying spells, inability to make decisions, sleep disturbances, weight loss over thirty pounds, poor concentration, and low energy. Moreover, Plaintiff's treating physicians document these symptoms; Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations. Physicians prescribe Plaintiff with medications in an effort to combat her various symptoms; however, Plaintiff's medications cause additional side effects in the form of

sedation and cognitive difficulties. The aforementioned impairments and their symptoms resulted in disability and forced Delma Tullos to leave her employment and seek long term disability ("LTD") benefits from Defendant.

PARTIES

3.      Plaintiff, Delma Tullos, is a citizen and resident of Katy, Texas. Defendant BP Corporation, is a corporation operating and doing business in Texas.

4.      Defendant is a properly organized business entity doing business in the State of Texas. The long term disability plan at issue in this case was issued and administered by CIGNA Group Insurance, a business entity doing business in the Southern District of Texas.

JURISDICTION AND VENUE

5.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by 29 U.S.C. §§ 1132, 1133, & 1140, and as further defined by I.R.C. § 62(e)(18).

6.      Venue in the Southern District of Texas is proper by virtue of Plaintiff's employment and Defendant's doing business in the Southern District.

FACTUAL ALLEGATIONS

7.      Plaintiff has been a covered beneficiary under a group long term disability benefits policy issued by Defendant at all times relevant to this action.

8.      Under the terms of the policy, CIGNA administered the Plan and retained the sole authority to grant or deny benefits to applicants.

9.      Defendant has a fiduciary obligation to Plaintiff to administer the Plan and Policy fairly, and to furnish long term disability benefits according to the terms of the Policy, subject to

conditions and limitations not applicable in this action.

10.     Plaintiff is a forty-six year old woman who worked for BP Corporation for twenty-three years.  Due to the chronic and progressive nature of Plaintiff's impairments, Plaintiff ceased actively working for Defendant on October 6, 2003.  Plaintiff then applied to Defendant for short term and long term disability benefits.

11.     Plaintiff submitted medical information to Defendant showing that she is totally disabled.

12.     Plaintiff also submitted information regarding her job duties and showed that she was unable to perform the material duties of her occupation.

13.     The Social Security Administration has found Plaintiff totally disabled. Moreover, Social Security uses a more rigorous standard for determining disability.   Unlike the BP Corporation Welfare Plan, which requires only that Plaintiff be unable to perform the material duties of her own occupation, the Social Security Act requires Plaintiff to show that she is totally disabled from performing any substantial gainful activity.

14.     Defendant denied Plaintiff's claim for disability benefits based upon the recommendations of a medical consultant.  The medical consultant utilized by Defendant opined that Plaintiff could perform the duties of her own occupation in that Plaintiff's impairments did not preclude the performance of Plaintiff's occupation.  Therefore, Defendant asserted that Plaintiff did not meet the Plan's definition of "Total Disability."  However, medical evidence provided to Defendant by Plaintiff directly contradicts a determination that Plaintiff retained the abilities to perform her previous occupation.

15.     Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.  Plaintiff submitted additional information to

show that she is totally disabled.

16.     On October 12, 2004, Defendant notified Plaintiff that Defendant affirmed its original decision to disallow Plaintiff's claim for long term disability benefits.  Defendant also notified Plaintiff on July 21, 2006, that Plaintiff had exhausted her administrative remedies.

17.     A disinterested decision maker would not have discounted the opinions of Plaintiff's treating physicians, the limitations from which Plaintiff suffers, and the effects of Plaintiff's impairments on her ability to engage in work activities.

18.     Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

19.     Defendant has wrongfully denied long term disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.     Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her education, training, or experience would reasonably allow;

b.     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c.     Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

d.     Defendant has violated its contractual obligation to furnish long term disability benefits to Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

20.     Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to short

term and long term disability benefits under the terms of the Plan, and that Defendant be ordered

to pay long term disability benefits according to the terms of the Plan until such time as Plaintiff

is no longer disabled or reaches the benefits termination age of the Plan.

21.     Enter an order awarding Plaintiff all reasonable attorney fees and expenses

incurred as a result of Defendant's wrongful denial in providing coverage, and;

22.     Enter an award for such other relief as may be just and appropriate.


Respectfully submitted,

Law Office of Marc Whitehead
The Lyric Centre
440 Louisiana, Suite 675
Houston, Texas 77002
(713) 228-8888
(713) 225-0940 Fax

BY:
Marc Whitehead
State Bar No. 00785238
Attorney for Plaintiff,
Delma Tullos

AO 440  (Rev  8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ Texas

Delma Tullios

## SUMMONS IN A CIVIL ACTION

V.

BP Corporation Welfare Plan

CASE NUMBER:

TO: (Name and address of Defendant)

Life Insurance Company of North America
c/o CT Coroporation System
350 N. St. Paul Street
Dallas, TX 75201

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Office of Marc Whitehead
440 Louisiana, Ste 675
Houston, TX 77002

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK _____          DATE _____

(By) DEPUTY CLERK

᠅ĄO 440  (Rev  8/01)  Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

| *Check one box below to indicate appropriate method of service* |
|---|

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL  $0.00 |

| DECLARATION OF SERVER |
|---|

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                 Date                     *Signature of Server*

                               _____

                               *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | Texas |
|---|---|---|

Delma Tullios

## SUMMONS IN A CIVIL ACTION

V.

BP Corporation Welfare Plan

CASE NUMBER:

TO: (Name and address of Defendant)

Life Insurance Company of North America
c/o CT Coroporation System
350 N. St. Paul Street
Dallas, TX 75201

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Office of Marc Whitehead
440 Louisiana, Ste 675
Houston, TX 77002

an answer to the complaint which is served on you with this summons, within _____60_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| CLERK | DATE |
|---|---|

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                 Date                      *Signature of Server*

                                    _____
                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.